**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION**

| | |
|---|---|
| **In re** )<br>**CHARLES & COLVARD, LTD.,** )<br> )<br> )   **Case No: 26-00969-5-DMW**<br>**Debtor.** )   **Chapter 11**<br> )<br> )<br>**CHARLES & COLVARD, LTD.,** )<br> )<br>**Plaintiff,** )<br> )<br>**v.** )   **Adversary Proceeding No:**<br> )<br>**ETHARA CAPITAL LLC,** )<br> )<br>**Defendant.** )<br> ) | |

**COMPLAINT**

Plaintiff, complaining of Defendant, alleges and says as follows:

**JURISDICTION**

1.      This adversary proceeding relates to the Chapter 11 bankruptcy case of Charles & Colvard, Ltd. (hereinafter "Plaintiff"), Case No: 26-00969-5-DMW filed with the United States Bankruptcy Court for the Eastern District of North Carolina on March 2, 2026 (the "Petition Date").

2.      Plaintiff is continuing as debtor-in-possession pursuant to 11 U.S.C. § 1107.

3.      The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 151, 157, and this matter is a core proceeding pursuant to 28 U.S.C. § 157.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

5.     The claims in this adversary proceeding are core proceedings pursuant to 28 U.S.C. § 157(b)(2).  This Court may constitutionally enter final orders on these causes of action.  See Stern v. Marshall, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011).  To the extent that the Court determines that any claim made herein is a non-core proceeding and/or to the extent that the Court determines that, pursuant to Stern, it may not enter final orders with respect to any such claim, Plaintiff consents to the entry of a final order by the Court on any such claim.  See Wellness Int'l Network, Ltd., v. Sharif, 135 S. Ct. 1932, 1944-45, 1948 (2015) ("[W]e conclude that allowing bankruptcy litigants to waive the right to Article III adjudication of Stern claims does not usurp the constitutional prerogatives of Article III courts.").

## IDENTIFICATION OF PARTIES

6.     Plaintiff is a corporation duly organized and existing under the laws of the State of North Carolina and having a primary place of business in Morrisville, North Carolina.

7.     Upon information and belief, at all relevant times Defendant Ethara Capital LLC (hereinafter "Defendant" or "Ethara") was a limited liability company organized and existing under the laws of Delaware, with a primary place of business in New York, New York.

## FACTUAL ALLEGATIONS

8.     Plaintiff and Defendant are parties to a Convertible Secured Note Purchase Agreement dated June 24, 2025 (the "Purchase Agreement").  A true and accurate copy of the Purchase Agreement is attached hereto as **Exhibit A.**

9.     Pursuant to the Purchase Agreement, Plaintiff issued a Secured Convertible Note to Defendant dated July 3, 2025, in the original principal amount of $2,000,000.00 (the "Note").  A true and accurate copy of the Note is attached hereto as **Exhibit B.**

10.    The Purchase Agreement and Note are purportedly secured pursuant to a Security

Agreement between Plaintiff and Defendant dated July 3, 2025.  A true and accurate copy of said Security Agreement is attached hereto as **Exhibit C.**

11.     On November 25, 2025, Defendant Ethara issued a Notice of Default to Plaintiff. A true and accurate copy of said Notice of Default is attached hereto as **Exhibit D.**

12.     The alleged default under the Purchase Agreement and Note are currently the subject of litigation pending in the Supreme Court of the State of New York, County of New York, Index No. 656649/2025. A Notice of Bankruptcy was filed by the Debtor's New York counsel on March 4, 2026.

13.     On December 4, 2025, Defendant Ethara filed or caused to be filed a UCC-1 financing statement with the North Carolina Secretary of State bearing File No. 20250178577F against "Charles & Colvard Ltd." (the "Initial Ethara UCC").  A copy of the Initial Ethara UCC is attached hereto as **Exhibit E.**

14.     Subsequently, on December 18, 2025, Defendant Ethara filed or caused to be filed an amendment to the Initial Ethara UCC with the North Carolina Secretary of State, bearing File No. 20250185510M, changing the Debtor's name to "Charles & Colvard, Ltd." (the "Amendment", and together collectively with the Initial Ethara UCC, the "Ethara UCC").  A copy of the Amendment is attached hereto as **Exhibit F.**

### FIRST CAUSE OF ACTION
**(Avoidance of Preferential Transfers- 11 U.S.C. §§ 544 and 547)**

15.     Plaintiff re-alleges and incorporates herein by reference the allegations set forth above as if set forth fully.

16.     Upon information and belief, the filing of the Ethara UCC was made for the benefit of Defendant.

17.     The Initial Ethara UCC and Amendment were filed within ninety (90) days of the

Petition Date.

18.     Plaintiff granted Defendant a security interest in connection with the Purchase Agreement and Note on or about July 3, 2025.

19.     Defendant was a creditor of Plaintiff at the time the Ethara UCC was filed.

20.     The Initial Ethara UCC was filed more than thirty (30) days after the granting of the lien from Plaintiff to Defendant pursuant to the Security Agreement.

21.     Pursuant to 11 U.S.C. § 547(e)(2), the filing of the Initial Ethara UCC was a transfer of an interest in property of Plaintiff.

22.     The date of the "transfer" for purposes of 11 U.S.C. § 547 is December 4, 2025.

23.     The filing of the Ethara UCC was for or on account of an antecedent debt owed by Plaintiff to Defendant.

24.     Plaintiff was insolvent at the time the Ethara UCC was filed.

25.     According to the Debtor's Chapter 11 schedules, the Debtor was insolvent on the Petition Date.  The Debtor's schedules reflect assets with an aggregate value of $4,875,863.17 and liabilities totaling $8,644,613.19.

26.     Plaintiff was insolvent at all times between December 2, 2025 and the Petition Date.

27.     The Ethara UCC, if not avoided, would enable Defendant to receive more than it would receive if (i) this case were one under Chapter 7 of the United States Bankruptcy Code, (ii) the Ethara UCC had not been filed, and (iii) Defendant received payment of its debts to the extent provided by the provisions of the Bankruptcy Code.

28.     Plaintiff has conducted reasonable due diligence and made reasonable inquiry into Defendant's known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c) based on the circumstances of the case.

29.     Pursuant to 11 U.S.C. § 547(b), the filing of the Ethara UCC is avoidable as a preference.

30.     Any lien of Ethara that was purportedly perfected by the filing of the Ethara UCC is avoidable as an unperfected lien under 11 U.S.C. § 544.

31.     Plaintiff is entitled to an order and judgment against Defendant avoiding the Ethara UCC pursuant to 11 U.S.C. §§ 547 and 544.

32.     Plaintiff is entitled to an order and judgment determining that Defendant does not have a perfected security interest against Plaintiff or any of its assets by virtue of the Ethara UCC.

**SECOND CAUSE OF ACTION**
**(Preservation of Avoided Liens – 11 U.S.C. § 551)**

33.     Plaintiff re-alleges and incorporates herein by reference the allegations set forth above as if set forth fully.

34.     As set forth hereinabove, the Ethara UCC is avoidable pursuant to 11 U.S.C. § 547.

35.     Pursuant to 11 U.S.C. § 551, to the extent said transfers are avoidable under 11 U.S.C. § 547, said transfer is preserved for the benefit of the estate.

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief and enter an order and judgment against Defendant as follows:

1.     Declaring that the Initial Ethara UCC, filed with the North Carolina Secretary of State and bearing File No. 20250178577F, and subsequent Amendment bearing File No. 20250185510M are avoidable as to Plaintiff as a preferential transfer pursuant to 11 U.S.C. § 547(b) and avoidable pursuant to 11 U.S.C. § 544(a);

2.     Declaring that, to the extent that the Initial Ethara UCC and Amendment are avoidable under 11 U.S.C. § 544 and/or 11 U.S.C. § 547, said transfers are preserved for benefit of the estate pursuant to 11 U.S.C. § 551;

3.      Taxing the costs of this action to the Defendant; and

4.      Granting such other and further relief as the Court may deem just and proper.

This the 16th day of March, 2026.

**HENDREN, REDWINE & MALONE, PLLC**

s/*Rebecca Redwine Grow*
Jason L. Hendren (NC State Bar No. 26869)
Rebecca Redwine Grow (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Carpenter (NC State Bar No. 56697
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone:  (919) 573-1422
Facsimile:   (919) 420-0475
Email: jhendren@hendrenmalone.com
       rredwine@hendrenmalone.com
       bwaller@hendrenmalone.com
       lcarpenter@hendrenmalone.com
*Counsel for the Debtor*