UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

CHARLES & COLVARD, LTD.,

    Debtor.

_____

CHARLES & COLVARD, LTD.,

    Plaintiff,

    v.

ETHARA CAPITAL LLC,

    Defendant.

Chapter 11

Case No. 26-00969-5-DMW

Adversary Proceeding Case
No. 26-00017-5-DMW

**DEFENDANT ETHARA CAPITAL, LLC'S**
**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES Ethara Capital LLC ("Ethara"), by and through the undersigned counsel, and files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

## JURISDICTION

1. Ethara admits that this adversary proceeding relates to the Chapter 11 case of Charles & Colvard, Ltd. ("Plaintiff").

2. Ethara is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 2 of the Complaint and, therefore, they are denied.

3.    Ethara admits that jurisdiction of this Court arises pursuant to 28 U.S.C. §§ 151, 157 and 1334 and that this matter is a "core proceeding."

4.    Ethara admits that Venue is proper in this Court.

5.    Ethara admits that the claims in this matter are core proceedings. To the extent further response is needed, Ethara does not admit nor deny the remaining statements.

## IDENTIFICATION OF PARTIES

6.    Upon information and belief, Ethara admits the allegations contained in paragraph 6 of the Complaint and, therefore, they are denied.

7.    Ethara admits the allegations contained in paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8.    Ethara admits the allegations contained in paragraph 8 of the Complaint. The Purchase Agreement is a legal document, which speaks for itself and, therefore, the remaining allegations contained in paragraph 8 of the Complaint are neither admitted nor denied.

9.    Ethara admits the allegations contained in paragraph 9 of the Complaint. The Note is a legal document, which speaks for itself and, therefore, the remaining allegations contained in paragraph 9 of the Complaint are neither admitted nor denied.

10.    Ethara admits the allegations contained in paragraph 10 of the Complaint. The Security Agreement is a legal document, which speaks for itself

and, therefore, the remaining allegations contained in paragraph 10 of the Complaint are neither admitted nor denied.

11. Ethara admits the allegations in paragraph 11 of the Complaint. The Notice of Default is a legal document, which speaks for itself and, therefore, the remaining allegations contained in paragraph 11 of the Complaint are neither admitted nor denied.

12. Ethara admits the allegations in paragraph 12 of the Complaint.

13. Ethara admits the allegations in paragraph 13 of the Complaint. The UCC-1 is a legal document, which speaks for itself and, therefore, the remaining allegations contained in paragraph 13 of the Complaint are neither admitted nor denied.

14. Ethara admits the allegations in paragraph 14 of the Complaint. The Amendment to the UCC-1 is a legal document, which speaks for itself and, therefore, the remaining allegations contained in paragraph 14 of the Complaint are neither admitted nor denied.

### FIRST CAUSE OF ACTION
### (Avoidance of Preferential Transfers- 11 U.S.C. §§ 544 and 547)

15. Ethara restates and incorporates its responses to paragraphs 1 through 14 above as though fully stated herein.

16. Ethara neither admits nor denies the allegations in paragraph 16 of the Complaint.

17.     The UCC-1 and Amendment to the UCC-1 are legal documents, which speaks for themselves and, therefore, the allegations contained in paragraph 17 of the Complaint are neither admitted nor denied.

18.     The allegations in paragraph 18 of the Complaint contain a legal conclusion and, therefore, the allegations are neither admitted nor denied.

19.     The allegations in paragraph 19 of the Complaint contain a legal conclusion and, therefore, the allegations are neither admitted nor denied.

20.     The UCC-1 is a legal document, which speaks for itself and, therefore, the allegations contained in paragraph 20 of the Complaint are neither admitted nor denied.

21.     The allegations in paragraph 21 of the Complaint contain a legal conclusion and, therefore, the allegations are neither admitted nor denied.

22.     The allegations in paragraph 22 of the Complaint contain a legal conclusion and, therefore, the allegations are neither admitted nor denied.

23.     The allegations in paragraph 23 of the Complaint contain a legal conclusion and, therefore, the allegations are neither admitted nor denied.

24.     The allegations in paragraph 24 of the Complaint contain a legal conclusion and, therefore, the allegations are neither admitted nor denied.

25.     The Debtor's Chapter 11 schedules are conclusory legal documents, which speak for themselves and, therefore, the allegations contained in paragraph 25 of the Complaint are neither admitted nor denied.

26. The allegations in paragraph 26 of the Complaint contain a legal conclusion and, therefore, the allegations are neither admitted nor denied.

27. The allegations in paragraph 27 of the Complaint contain legal conclusions and, therefore, the allegations are neither admitted nor denied.

28. Ethara is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 28 of the Complaint and, therefore, they are denied.

29. The allegations in paragraph 29 of the Complaint contain a legal conclusion and, therefore, the allegations are neither admitted nor denied.

30. The allegations in paragraph 30 of the Complaint contain a legal conclusion and, therefore, the allegations are neither admitted nor denied.

31. The allegations in paragraph 31 of the Complaint contain a legal conclusion and, therefore, the allegations are neither admitted nor denied.

32. The allegations in paragraph 32 of the Complaint contain a legal conclusion and, therefore, the allegations are neither admitted nor denied.

<u>SECOND CAUSE OF ACTION</u>
(Preservation of Avoided Liens - 11 U.S.C. § 551)

33. Ethara restates and incorporates its responses to paragraphs 1 through 32 above as though fully stated herein.

34. The allegations in paragraph 34 of the Complaint contain a legal conclusion and, therefore, the allegations are neither admitted nor denied.

35. The allegations in paragraph 35 of the Complaint contain a legal conclusion and, therefore, the allegations are neither admitted nor denied.

## <u>AFFIRMATIVE DEFENSES</u>

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Ethara upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its alleged damages.

### THIRD AFFIRMATIVE DEFENSE

Ethara has not acted with negligence, malice, actual malice, or willful intent to injure and acted in good faith at all times in its dealings with Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff should be barred from the relief requested in the Complaint due to the doctrines of waiver and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Ethara reserves the right to amend the Answer to the Complaint and assert any additional Affirmative Defenses based on information and documents received during discovery.

WHEREFORE, Defendant Ethara Capital LLC respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Ethara its costs of suit and reasonable attorneys' fees,

and for such other and further relief as the court deems just and proper.

This the 16th day of May, 2026.

/s/ Adam M. Gottsegen
Adam M. Gottsegen
N.C. State Bar No. 28546
NICHOLLS & CRAMPTON, P.A.
Post Office Box 18237
Raleigh, North Carolina 27619
Telephone: (919) 781-1311
Facsimile: (919) 782-0465
agottsegen@nichollscrampton.com
*Counsel for Ethara Capital LLC*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing document in the above entitled action upon all other parties to this cause by and through the CM/ECF procedures of this Court and by electronic mail properly addressed to the Plaintiff at the following address:

> Rebecca Redwine Grow
> Hendren Redwine & Malone, PLLC
> 4600 Marriott Drive, Suite 150
> Raleigh, NC 27612
> rredwine@hendrenmalone.com
> *Counsel for Plaintiff*

This the 16th day of May, 2026.

> /s/ Adam M. Gottsegen
> Adam M. Gottsegen
> N.C. State Bar No. 28546
> NICHOLLS & CRAMPTON, P.A.
> Post Office Box 18237
> Raleigh, North Carolina 27619
> Telephone: (919) 781-1311
> Facsimile: (919) 782-0465
> agottsegen@nichollscrampton.com