**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | |
|---|---|
| In re<br>**CHARLES & COLVARD, LTD.,**<br><br>　　　　　**Debtor.** | )<br>)<br>)<br>)　**Case No: 26-00969-5-DMW**<br>)　**Chapter 11**<br>) |
| **CHARLES & COLVARD, LTD.,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**ETHARA CAPITAL LLC,**<br><br>　　　　**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)　**Adversary Proceeding No:**<br>)　**26-00017-5-DMW**<br>)<br>)<br>)<br>)<br>) |

**JOINT PRECONFERENCE REPORT**

NOW COME Plaintiff Charles & Colvard, Ltd. ("Plaintiff") and Defendant Ethara Capital, LLC ("Defendant"), through their respective undersigned counsel, and pursuant to the Court's order, file this Joint Preconference Report.  The parties have agreed as follows:

　　a.　　The issues raised by the pleadings are as follows:

　　　　**(1) Whether the Ethara UCC (as defined in the Complaint) is avoidable pursuant to 11 U.S.C. §§ 547 and 544.**

　　　　**(2) Whether, pursuant to 11 U.S.C. § 551, to the extent the Ethara UCC is avoidable under 11 U.S.C. §§ 547 and 544, said transfer is preserved for the benefit of the Estate.**

　　　　**(3) Whether Defendant has valid defenses to Plaintiff's claims in the Complaint as asserted in Defendant's Answer.**

　　b.　　Issues concerning jurisdiction, venue, or the authority of the bankruptcy court:

　　　　**None.  The parties agree that this Court possesses subject-matter and personal jurisdiction over the claims for relief asserted in the Complaint and the parties, themselves.  The parties agree that the claims asserted in the Complaint are**

**"core proceedings" as defined in 28 U.S.C. § 157.  The parties further agree that venue is proper in the United States Bankruptcy Court for the Eastern District of North Carolina.**

c.    Whether the parties, if the proceeding is a non-core proceeding, have consented to the bankruptcy judge hearing and determining the proceeding pursuant to 28 U.S.C. § 157(c)(2):

**The parties agree that this is a core proceeding.  Furthermore, to the extend any of the claims for relief asserted by Plaintiff in the Complaint are determined to be non-core proceedings, the parties otherwise consent to this matter being heard and determined by this Court pursuant to 28 U.S.C. § 157(c)(2).**

d.    The disposition of pending motions:

**There are no pending motions as of the filing of this Joint Preconference Report.**

e.    The necessity, desirability, and timing of amendments to pleadings, joinder of additional parties, the filing of additional motions, and discovery:

**The parties do not foresee any amendments to pleadings or joinder of additional parties at this time.  The parties anticipate filing any dispositive motions within 60 days following the conclusion of any discovery.**

f.    The timing and form of disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure, including a statement of when disclosures under (a)(1) were made or should be made:

**The parties agree to waive initial disclosures under Rule 26(a)(1).**

g.    The amount of time needed for discovery:

**The parties agree that all discovery, including any depositions, shall be completed by September 30, 2026.**

h.    Changes that should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure:

**The parties agree that, except as otherwise indicated herein, no such changes need to be made at this time.**

i.    Whether the use of expert witnesses is contemplated, and if so, whether and when the disclosure of expert information as required by Rule 26(a)(2) of the Rules of Civil Procedure should be required:

**The parties do not anticipate the use of expert witnesses. In the event that expert witnesses are needed, the parties agree to comply with Rule 26(a)(2).**

j.      If a jury demand has been made in a core proceeding, whether the parties consent to a jury trial in the Bankruptcy Court:

**No jury demand has been made**.

k.      If the parties have engaged in settlement discussions:

**The parties have not yet engaged in settlement discussions. However, the parties believe that settlement discussions would be helpful and agree to continue to explore the possibility of settlement.**

l.      Whether the parties have considered voluntary or court ordered mediation and/or arbitration:

**The parties have and will continue to consider both formal and informal methods for the resolution of this matter.**

m.      The need for additional pretrial conferences:

**The parties agree that a final pretrial conference should be scheduled prior to trial.**

n.      Whether there are witnesses whose testimony would be accommodated at deposition or trial by video conferencing, and if so, what stipulations can be made regarding the appearance of witnesses by video conferencing:

**The parties are unaware of any such witnesses at this time. As the need arises, and subject to the approval of the Court, the parties will identify and provide any accommodations necessary to effectuate the appearance of any witness at deposition or trial via video conferencing.**

Respectfully submitted this the 16th day of June, 2026.

**HENDREN, REDWINE & MALONE, PLLC**

s/ Rebecca Redwine Grow
Jason L. Hendren (NC State Bar No. 26869)
Rebecca Redwine Grow (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Carpenter (NC State Bar No. 56697)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone:  (919) 573-1422
Facsimile:  (919) 420-0475
Counsel for the Plaintiff

**NICHOLLS & CRAMPTON, P.A.**

s/ Adam Gottsegen
Adam Gottsegen (NC State Bar No. 28546)
Post Office Box 18237
Raleigh, NC 27619
Telephone: (919) 781-1311
Fax: (919) 782-0465
Email: agottsegen@nichollscrampton.com
Counsel for the Defendant

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on this day he electronically filed a copy of the foregoing **JOINT PRECONFERENCE REPORT** with the Clerk of Court for the United States Bankruptcy Court for the Eastern District of North Carolina utilizing its CM/ECF system, electronic notice of which was remitted to all ECF participants in the above-captioned adversary proceeding.

This the 16th day of June, 2026.

**HENDREN, REDWINE & MALONE, PLLC**

<u>s/ Benjamin E.F.B. Waller</u>
Jason L. Hendren (NC State Bar No. 26869)
Rebecca Redwine Grow (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Carpenter (NC State Bar No. 56697)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: (919) 573-1422
Facsimile:    (919) 420-0475
Counsel for the Plaintiff