**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

|  |  |  |
|---|---|---|
| In re | ) | |
| **CHARLES & COLVARD, LTD.,** | ) | |
| | ) | **Case No: 26-00969-5-DMW** |
| Debtor. | ) | **Chapter 11** |
| | ) | |
| **CHARLES & COLVARD, LTD.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adversary Proceeding No:** |
| | ) | **26-00017-5-DMW** |
| | ) | |
| **ETHARA CAPITAL LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR SUMMARY JUDGMENT**

**NOW COMES** Plaintiff Charles & Colvard, Ltd. ("Plaintiff"), by and through its undersigned counsel, and hereby submits this Memorandum of Law in Support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 7056 of the Federal Rules of Bankruptcy Procedure (the "Motion") and states as follows:

**INTRODUCTION**

Through this lawsuit, Plaintiff seeks to avoid as a preferential transfer pursuant to 11 U.S.C. §§ 544 and 547 a certain UCC-1 Financing Statement filed with the North Carolina Secretary of State by Defendant Ethara Capital, LLC ("Ethara" or "Defendant") and preserve such avoided lien for the benefit of the estate pursuant to 11 U.S.C. § 551.

Plaintiff Charles & Colvard, Ltd. ("Plaintiff" or the "Debtor") filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code on March 2, 2026, D.E. 1[1], (the "Petition Date"). On March 16, 2026, Plaintiff filed its Schedules and Statement of Financial Affairs, D.E. 41. Plaintiff scheduled a disputed debt owed to Ethara Capital, LLC ("Ethara" or "Defendant") in the total amount of $2,064,831.00. *See* D.E. 41 at 11-12. Also on March 16, 2026, Plaintiff initiated this action by filing its Complaint, AP D.E. 1 (the "Complaint"). On March 24, 2026, Plaintiff filed a Notice of Disputed Claim related to the claim of Ethara. On May 16, 2026, Defendant filed its Answer to Plaintiff's Complaint, AP D.E. 8 (the "Answer"). On June 5, 2026, Ethara filed its proof of claim in the bankruptcy case, Claim No. 23.

## STATEMENT OF MATERIAL FACTS

As set forth more particularly in the Complaint, Plaintiff and Defendant are parties to a Convertible Secured Note Purchase Agreement dated approximately June 24, 2025 (the "Purchase Agreement"). Pursuant to the Purchase Agreement, Plaintiff issued a Secured Convertible Note to Defendant dated approximately June 3, 2025, in the original principal amount of $2,000,000.00 (the "Note"). The Purchase Agreement and Note are allegedly secured pursuant to a Security Agreement between Plaintiff and Defendant dated approximately June 3, 2025.

Defendant alleged a default by Plaintiff under the Purchase Agreement and Note in approximately November 25, 2025, by issuing to Plaintiff a notice of default. Approximately nine (9) days later, Defendant filed or caused to be filed a UCC-1 financing statement with the North Carolina Secretary of State bearing File No. 20250178577F against "Charles & Colvard Ltd." (the "Initial Ethara UCC"). Subsequently, on December 18, 2025, Defendant Ethara filed or caused to

---

[1] All references herein to "D.E. ___" shall refer to the case docket in the bankruptcy case, Case No. 26-00969-5-DMW. All references herein to "AP D.E. ___" shall refer to the case docket in this adversary proceeding, Case No. 26-00017-5-DMW.

be filed an amendment to the Initial Ethara UCC with the North Carolina Secretary of State, bearing File No. 20250185510M, changing the debtor's name therein to "Charles & Colvard, Ltd." (the "Amendment", and together collectively with the Initial Ethara UCC, the "Ethara UCC").

Subsequently, on December 22, 2025, Defendant initiated litigation in the Supreme Court of the State of New York, County of New York, Index No. 656649/2025 (the "NY Litigation") against Plaintiff by filing a Notice of Motion for Summary Judgment in Lieu of Complaint. A notice of bankruptcy was filed in the NY Litigation on March 4, 2026.

## STANDARD OF REVIEW

Summary judgment is appropriate when the matters presented to the Court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In considering a motion for summary judgment, the Court must construe the "facts and inferences drawn therefrom in the light most favorable to the nonmoving party." *Seabulk Offshore, Ltd. v. American Home Assur. Co*., 377 F.3d 179, 183 (4th Cir. 2001). The party moving for summary judgment has the initial burden of proving the absence of a genuine issue of material fact based on the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any. *Celotex*, 477 U.S. at 323. Once this initial burden has been met, the nonmoving party must then set forth specific facts sufficient to raise a genuine issue for trial. *Matsushita Elect. Indus. Co., Ltd. V. Zenith Radio Corp*., 475 U.S. 574, 586–87 (1986).

## LEGAL ARGUMENTS

A. **No Genuine Issue of Material Fact Exists and Plaintiff is Entitled to Judgment as a Matter of Law**

The following material facts were admitted by Defendant in its Answer:

**Complaint ¶ 8:** Plaintiff and Defendant are parties to a Convertible Secured Note Purchase

3

Agreement dated June 24, 2025 (the "Purchase Agreement"). A true and accurate copy of the Purchase Agreement is attached hereto as Exhibit A.

Answer ¶ 8: "Ethara admits the allegations contained in paragraph 8 of the Complaint. The Purchase Agreement is a legal document, which speaks for itself and, therefore, the remaining allegations contained in paragraph 8 of the Complaint are neither admitted nor denied."

**Complaint ¶ 9:** Pursuant to the Purchase Agreement, Plaintiff issued a Secured Convertible Note to Defendant dated July 3, 2025, in the original principal amount of $2,000,000.00 (the "Note").  A true and accurate copy of the Note is attached hereto as Exhibit B.

Answer ¶ 9: "Ethara admits the allegations contained in paragraph 9 of the Complaint. The Note is a legal document, which speaks for itself and, therefore, the remaining allegations contained in paragraph 9 of the Complaint are neither admitted nor denied."

**Complaint ¶10:** The Purchase Agreement and Note are purportedly secured pursuant to a Security Agreement between Plaintiff and Defendant dated July 3, 2025.  A true and accurate copy of said Security Agreement is attached hereto as Exhibit C.

Answer ¶10: "Ethara admits the allegations contained in paragraph 10 of the Complaint. The Security Agreement is a legal document, which speaks for itself and, therefore, the remaining allegations contained in paragraph 10 of the Complaint are neither admitted nor denied."

**Complaint, ¶11:** On November 25, 2025, Defendant Ethara issued a Notice of Default to Plaintiff.  A true and accurate copy of said Notice of Default is attached hereto as Exhibit D.

Answer ¶11: "Ethara admits the allegations contained in paragraph 11 of the Complaint. The Notice of Default is a legal document, which speaks for itself and, therefore, the remaining allegations contained in paragraph 11 of the Complaint are neither admitted nor denied."

**Complaint, ¶12:** The alleged default under the Purchase Agreement and Note are currently the subject of litigation pending in the Supreme Court of the State of New York, County of New York, Index No. 656649/2025. A Notice of Bankruptcy was filed by the Debtor's New York counsel on March 4, 2026.

Answer ¶12: "Ethara admits the allegations contained in paragraph 12 of the Complaint."

**Complaint, ¶13:** On December 4, 2025, Defendant Ethara filed or caused to be filed a UCC-1 financing statement with the North Carolina Secretary of State bearing File No. 20250178577F against "Charles & Colvard Ltd." (the "Initial Ethara UCC"). A copy of the Initial Ethara UCC is attached hereto as Exhibit E.

Answer ¶13: "Ethara admits the allegations contained in paragraph 13 of the Complaint. The UCC-1 is a legal document, which speaks for itself and, therefore, the remaining allegations contained in paragraph 13 of the Complaint are neither admitted nor denied."

4

**Complaint, ¶14:** On December 18, 2025, Defendant Ethara filed or caused to be filed an amendment to the Initial Ethara UCC with the North Carolina Secretary of State, bearing File No. 20250185510M, changing the Debtor's name to "Charles & Colvard, Ltd." (the "Amendment", and together collectively with the Initial Ethara UCC, the "Ethara UCC").  A copy of the Amendment is attached hereto as Exhibit F.

Answer ¶14: "Ethara admits the allegations contained in paragraph 14 of the Complaint. The Amendment to the UCC-1 is a legal document, which speaks for itself and, therefore, the remaining allegations contained in paragraph 14 of the Complaint are neither admitted nor denied."

Based on the foregoing, there are no material facts at issue in this action. Defendant's Answer admits each and every allegation in the "factual allegations" section of the Plaintiff's Complaint and responds to each and every Exhibit to Plaintiff's Complaint as a legal document that speaks for itself. *See* Answer at 2-3, ¶¶ 8-14.

Due to the absence of any genuine dispute of material fact, Plaintiff is entitled to judgment as a matter of law on each of its claims against Defendant. There is insufficient legal basis for the Court to find otherwise.

## 1.   The Ethara UCC Should be Avoided Pursuant to 11 U.S.C. §§ 544 and 547

As it pertains to Plaintiff's First Cause of Action pursuant to 11 U.S.C. §§544 and 547, Section 547(b) provides, in relevant part, that a trustee (or debtor in possession) may avoid any transfer of an interest of the debtor in property (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made (A) on or within 90 days before the date of the filing of the petition . . . ; and (5) that enables such creditor to receive more than such creditor would receive if (A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title. 11 U.S.C. § 547. Plaintiff is entitled to judgment as a matter of law on each of the requisite elements of this preference action.

The filing of the Initial Ethara UCC and Amendment (collectively, the "Ethara UCC") was an act to perfect Ethara's previously unsecured security interest and constitutes a transfer under Section 547.  For purposes of 11 U.S.C. § 547(b), a "transfer" is not made until it is perfected. 11 U.S.C. § 547(e)(2)(B). Defendant does not allege that its security interest was perfected prior to the date the Ethara UCC was filed. None of the affirmative defenses set forth in Defendant's Answer assert that Defendant's purported security interest was perfected before the filing of the Ethara UCC. Defendant's proof of claim asserts a "secured" claim and attaches the Ethara UCC and Amendment as support thereof. Accordingly, Defendant's filing of the Ethara UCC on December 4, 2025, was an action to perfect its previously unperfected security interest more than thirty (30) days after such security interest was granted pursuant to the Purchase Agreement, Note, and Security Agreement dated approximately June 24, 2025, and July 3, 2025, respectively. Accordingly, Ethara's filing the Ethara UCC constitutes a "transfer" pursuant to Section 547.

If not avoided, the Ethara UCC would enable Defendant to receive more than it would receive if (i) Plaintiff's bankruptcy case were one under Chapter 7 of the United States Bankruptcy Code, (ii) if the Ethara UCC had not been filed, and (iii) if Defendant received payment of its debts to the extent provided by the provisions of the Bankruptcy Code. Had the Ethara UCC not been filed, Ethara would have remained an unsecured creditor of the Debtor.

It is undisputed that the filing of the Ethara UCC was for the benefit of Defendant. Complaint ¶16. Interestingly, Defendant "neither admits nor denies the allegations in paragraph 16 of the Complaint." *See* Answer ¶16. Such response could arguably be construed as an admission pursuant to Rule 8 of the Federal Rules of Civil Procedure, as Defendant does not state a specific denial and does not state that it lacks sufficient information to respond to the allegations contained in paragraph 16 of the Complaint. Notwithstanding, the Initial Ethara UCC and Amendment speak

for themselves: Ethara Capital, LLC is indisputably identified as the Secured Party of record in both the Initial Ethara UCC and the Amendment. Further, Defendant attached the Initial Ethara UCC and Amendment as Exhibits D and E, respectively, to its proof of claim as support for the alleged indebtedness owed by Plaintiff to Defendant. Defendant does not allege that the Initial Ethara UCC and Amendment are for the benefit of another party.

Defendant's admissions in Paragraphs 8, 9, and 10 of its Answer establish that Plaintiff became indebted to Defendant pursuant to the Purchase Agreement, Note and Security Agreement, dated on or about June 24, 2025, and July 3, 2025, respectively. As evidenced by Defendant initiating the NY Litigation, and as further evidenced by Defendant's proof of claim filed in the bankruptcy case, Defendant asserts that Plaintiff owes Defendant a debt arising from the Purchase Agreement, Note, and Security Agreement. In its *Motion for Summary Judgment in Lieu of Complaint* in the NY Litigation, Ethara alleges that

> [o]n or about July 3, 2025, Plaintiff [Ethara] invested $2,000,000 in Defendant [Charles & Colvard, Ltd.] pursuant to a Convertible Secured Note Purchase Agreement, dated June 24, 2025 (the "Purchase Agreement"), in exchange for a Secured Convertible Note, dated July 3, 2025 (the "Note"), in the principal amount of $2,000,000 . . ..

*See*, *Ethara Capital, LLC v. Charles & Colvard, Ltd*., Affirmation in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint, ¶ 3 (Sup. Ct. New York County, 2025 Index No. 656649/2025).

Accordingly, it is undisputed that any debt owed by Plaintiff to Defendant was antecedent to the date of the Initial Ethara UCC and Amendment.

Plaintiff is entitled to the presumption of 11 U.S.C. § 547(f) that for the purposes of a Section 547 action, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition. Defendant does not allege that Plaintiff

was solvent as of the date the Ethara UCC was filed, nor does it raise solvency as an affirmative defense or response in its Answer.

The Ethara UCC was filed within ninety (90) days of the Petition Date. Complaint, ¶ 17. In its Answer, Defendant responds that the "UCC-1 and Amendment to the UCC-1 are legal documents which speak for themselves and, therefore, the allegations contained in paragraph 17 of the Complaint are neither admitted nor denied." Taking together Defendant's admissions in Paragraphs 13 and 14 of the Answer and the plain language of the Ethara UCC and Amendment, it is undisputed that the Initial Ethara UCC and Amendment were filed on December 4, 2025, and December 18, 2025, respectively. The date ninety (90) days prior to the Petition Date was December 2, 2025; the Court may take judicial notice of such fact pursuant to Federal Rule of Evidence 201. Any lien of Ethara that was purportedly perfected by the filing of the Ethara UCC is avoidable as an unperfected lien under 11 U.S.C. § 544.

Based on the foregoing, Plaintiff is entitled to judgment as a matter of law on its avoidance claims against Defendant. Accordingly, Section 551 applies to automatically preserve such avoided transfer for the benefit of the estate.

### CONCLUSION

For the foregoing reasons, Plaintiff Charles & Colvard, Ltd. moves the Court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 7056 of the Federal Rules of Bankruptcy Procedure, and requests that the Court grant such other relief as allowed by law.

This the 31st day of July, 2026.     **HENDREN, REDWINE & MALONE, PLLC**

s/*Rebecca Redwine Grow*
Jason L. Hendren (NC State Bar No. 26869)
Rebecca Redwine Grow (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)

Lydia C. Carpenter (NC State Bar No. 56697
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone:  (919) 573-1422
Facsimile:   (919) 420-0475
Email: jhendren@hendrenmalone.com
        rredwine@hendrenmalone.com
        bwaller@hendrenmalone.com
        lcarpenter@hendrenmalone.com
*Counsel for the Debtor*

9

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this day he electronically filed a copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court for the United States Bankruptcy Court for the Eastern District of North Carolina utilizing its CM/ECF system, electronic notice of which was remitted to all ECF participants in the above-captioned adversary proceeding.

This the 31st day of July, 2026.

**HENDREN, REDWINE & MALONE, PLLC**

s/*Rebecca Redwine Grow*
Jason L. Hendren (NC State Bar No. 26869)
Rebecca Redwine Grow (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Carpenter (NC State Bar No. 56697
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone:  (919) 573-1422
Facsimile:   (919) 420-0475
Email: jhendren@hendrenmalone.com
      rredwine@hendrenmalone.com
      bwaller@hendrenmalone.com
      lcarpenter@hendrenmalone.com
*Counsel for the Debtor*


Adam M. Gottsegen                via CM/ECF
Counsel for Defendant

10